UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ANDRE TWYNE, CDCR #F-50770,<br><br>                                         Plaintiff,<br>vs.<br><br>BONNIE DUMANIS, et al.,<br><br>                                         Defendants. | Civil No.   10-0747 BEN (WMc)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND<br><br>[Doc. No. 4] |

Shawn Andre Twyne ("Plaintiff"), who is currently incarcerated at the Mountain Home Conservation Camp in Springville, California, is proceeding pro se and has initiated this civil action pursuant to 42 U.S.C. § 1983. At the time he filed his Complaint, Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

On April 14, 2010, the Court granted Plaintiff's IFP Motion, but dismissed his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* April 14, 2010 Order [Doc. No. 3]. Plaintiff was granted 45 days leave, however, to amend his pleading. *Id.* at 8; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).)

On May 24, 2010, Plaintiff submitted a Motion requesting an extension of time in which to file his Amended Complaint [Doc. No. 4].

### I. STANDARD OF REVIEW

This is Plaintiff's first request for an extension of time, he is proceeding without counsel and his request is timely. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ... technical procedural requirements."). Thus, the Court finds good cause to grant Plaintiff's request. "'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).

### II. CONCLUSION AND ORDER

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Extend Time to file an Amended Complaint [Doc. No. 4]. Plaintiff's Amended Complaint, should he elect to file one, must be received by the Court no later than **Monday, July 12, 2010.** Moreover, Plaintiff is cautioned that his Amended Complaint must address *all* the deficiencies of pleading previously identified in the Court's April 14, 2010 Order [Doc. No. 3], and must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). If Plaintiff chooses *not* to file a Amended Complaint by July 12, 2010, this action shall remain dismissed for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and without further Order of the Court.

IT IS SO ORDERED.

DATED: 5/27/2010

HON. ROGER T. BENITEZ
United States District Judge